IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

JOHN DOMINO, MARGO DOMINO,
ROGER SPRINGMAN, LEONORE
NEUMANN, VERONICA NEUMANN-
THOMPSON, NICHOLAS THOMPSON
and YVONNE NEHRING,

                                                                   ORDER

                 Plaintiffs,

                                                          09-cv-213-bbc

    v.

DIDION ETHANOL, LLC,

                 Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

On November 23, 2009, I granted in part and denied in part the partial motion for summary judgment filed by plaintiffs John Domino, Margo Domino, Roger Springman, Leonore Neumann, Veronica Neumann-Thompson, Nicholas Thompson and Yvonne Nehring in this action brought pursuant to the citizen suit provision of the Clean Water Act, 33 U.S.C. § 1365(a)(1). A trial to resolve the remaining issues is scheduled for May 17, 2010. (The parties are briefing defendant's motion for summary judgment on the grounds of mootness, dkt. #50). On March 26, 2010, the state of Wisconsin filed a civil enforcement action in the Circuit Court for Columbia County against defendant, alleging

1

various air and water pollution violations, case no. 10-cx-002, <u>State of Wisconsin v. Didion Milling, Inc. and Didion Ethanol, LLC</u>.  On that same day, the parties to that action filed two stipulated agreements intended to resolve the proceedings in the state case.  On April 1, 2010, plaintiffs in this case filed a motion to intervene in the state case under Wis. Stat. § 803.09, contending that a decision in the state enforcement action may impair their rights and interests.  Now before this court are defendant Didion Ethanol, LLC's renewed motion to adjourn the trial date and suspend all pending deadlines, dkt. #60, motion to suspend pending deadlines, dkt. #73, motion for a protective order, dkt. #74, and plaintiffs' motion to compel discovery, dkt. #63.  (Plaintiffs' motion for clarification of the summary judgment order, dkt. #43, will be decided in conjunction with defendant's motion for summary judgment.)  In its various motions, defendant contends that the trial should be adjourned, briefing deadlines should be suspended and discovery should be stayed because the state court action will have a res judicata effect on this case and plaintiffs' claims are moot.  I conclude that defendant's arguments are premature.  I also conclude that staying discovery so close to trial would unfairly prejudice plaintiffs.  Therefore, I will deny defendant's motions and grant plaintiffs' motion to compel.

With respect to defendant's motions to adjourn trial and suspend briefing deadlines, defendant contends that once the state circuit court approves the settlement between defendant and the state of Wisconsin, plaintiffs' claims will be barred under the doctrine of

2

res judicata. To establish res judicata, defendant must show (1) that there is an identity between the parties or their privies in the prior and present suits; (2) that prior litigation resulted in a final judgment on the merits by a court with jurisdiction; and (3) that there is an identity of the causes of action in the two separate actions. Friends of Milwaukee's Rivers v. Milwaukee Metropolitan Sewerage District, 382 F.3d 743, 757 (7th Cir. 2004). It is true that "a judgment entered pursuant to a written stipulation by the court or pursuant to a consent decree has the authority of an adjudication on the merits." United States v. Murphy Oil USA, Inc., 143 F. Supp. 2d 1054, 1089 (W.D. Wis. 2001). However, in order to bar a previously filed citizen suit, "the state's subsequently-filed government action must be a *diligent prosecution*." Friends of Milwaukee's Rivers, 382 F.3d at 759 (emphasis added). The Court of Appeals for the Seventh Circuit has explained that an enforcement action that is "calculated" and "capable of requiring compliance" qualifies as a diligent prosecution. Id. at 759 (quoting 33 U.S.C. § 1365(b)(1)(B)). The court of appeals has also indicated that a state court stipulation that is filed without the opportunity for notice and comment by the public may not qualify as a diligent prosecution. Id. at 753, n.6; see also Frilling v. Village of Anna, 924 F. Supp. 821, 841-42 (S.D. Ohio 1996) (denial of citizen's right to intervene in state enforcement action indicates that action was not diligently prosecuted); Friends of the Earth v. Laidlaw Environmental Services, Inc., 890 F. Supp. 470, 489-90 (D.S.C. 1995) (same).

3

The stipulation between defendants and the state of Wisconsin may resolve the outstanding issues in this case, but it is too early to reach that conclusion. There is no final judgment to assess. Moreover, plaintiffs should have an opportunity, once such a judgment is entered, to raise any factual and legal arguments they about the effect of the state court judgment on the proceedings in this case. In particular, plaintiffs should be able to challenge the diligence of the prosecution of the state action. They cannot raise these arguments now because the circuit court has not accepted or rejected the stipulation. Therefore, it would be premature and speculative to conclude that res judicata precludes further action in this case.

In defendant's motion for a protective order, it seeks a stay of discovery until the court has resolved its motions to adjourn the trial and motion for summary judgment on grounds of mootness. Defendant also requests that its motion for protective order serve as its response to plaintiffs' motion to compel discovery. Defendant contends that until the court acts on the motion to adjourn trial and motion for summary judgment, it would be unnecessarily burdensome for defendant to comply with plaintiffs' document requests. However, as I explained above, I will not adjourn the May 17, 2010 trial date or suspend briefing deadlines at this time. Thus, defendant's only argument for staying discovery and for opposing plaintiffs' motion to compel is that a decision granting defendant's motion for summary judgment would moot the case and plaintiffs' discovery requests. This is true.

However, there are only six weeks until trial. The discovery cutoff is April 16, 2010. If discovery is stayed until I enter a decision on defendant's motion for summary judgment, and the motion for summary judgment is denied, plaintiffs may not have enough time to seek discovery and analyze the information they receive. In other words, there is simply not enough time between now, the discovery cutoff date and trial to risk suspending discovery. Plaintiffs contend that the requested documents contain information necessary for plaintiffs' trial preparation. Therefore, I will deny defendant's motion for a protective order. Moreover, because defendant has filed no other opposition to plaintiffs' motion to compel discovery, I will grant plaintiffs' motion. However, each side will bear its own fees and costs associated with the motion to compel discovery.

ORDER

IT IS ORDERED that

1. Defendant Didion Ethanol, LLC's renewed motion to adjourn the trial date, dkt. #60, motion to amend the briefing schedule and suspend pending deadlines, dkt. #73, and motion for a protective order, dkt. #74, are DENIED.

2. The motion to compel discovery, dkt. #63, filed by plaintiffs John Domino, Margo Domino, Roger Springman, Leonore Neumann, Veronica Neumann-Thompson, Nicholas Thompson and Yvonne Nehring is GRANTED. Each side will bear its own fees and costs

associated with the motion.

    Entered this 5th day of April, 2010.

                            BY THE COURT:

                            /s/

                            _____
                            BARBARA B. CRABB
                            District Judge